# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00033-KJD-CWH |
| Plaintiff, | **ORDER** |
| vs. | |
| ALBERT BENJAMIN CHEE, JR., | |
| Defendant. | |

Presently before the Court is Defendant Albert Benjamin Chee, Jr.'s Emergency Motion for Issuance of Subpoenas (ECF No. 103), filed on April 22, 2016. The Government filed a response (ECF No. 110) on May 9, 2016. Defendant filed a reply (ECF No. 111) on May 16, 2016.

Also before the Court is Defendant's Emergency Motion for Subpoenas (ECF No. 112), filed on May 26, 2016. The Government filed a response (ECF No. 114) on June 3, 2016. Defendant filed a reply (ECF No. 115) on June 8, 2016.

**I.    MOTION FOR ISSUANCE OF SUBPOENAS (ECF No. 103)**

Defendant requests the issuance of a subpoena to the Department of Family Services ("DFS") for records pertaining to Juanita Bark, the mother of the alleged victim in this case. (Mot. for Issuance of Subpoenas (ECF No. 103), Ex. A.) Although the Court previously denied Defendant's request for a subpoena requesting information directly from Ms. Bark's doctors on the basis of privilege, Defendant now requests documents pertaining to Ms. Bark from DFS on the grounds that the records are outside the doctor-patient privilege.

In its response, the Government argues that the Defendant has failed to meet his burden of showing there is good cause for production of the documents and that the records remain privileged despite the fact they have been disclosed to DFS. Additionally, the Government states that it contacted Amity Dorman, the attorney for DFS, who confirmed that the DFS file that was

previously provided to the Court for in camera inspection was the entire file and would have included any potential psychiatric or therapy records for Ms. Bark in DFS's possession. (*See* Mins. of Proceedings (ECF No. 83) (requiring DFS to provide its file to the Court for in camera review); Order (ECF No. 92) (requiring DFS to provide to Defendant and the Government all documents provided to the Court for in camera review, with certain exceptions); Order (ECF No. 95) (staying DFS's production of its records pending the Government's objection to District Judge Dawson).) The Government therefore contends that the requested subpoena will not provide any further information than what has already been provided to the Court in camera.

Accepting as true the Government's representation that all of the DFS files already have been disclosed to the Court for in camera review, the Court finds it is unnecessary to issue an additional subpoena to DFS. The Court therefore will deny Defendant's motion as moot.

## II.     MOTION FOR ISSUANCE OF SUBPOENAS (ECF No. 112)

Defendant requests the issuance of subpoenas to the Clark County School District for S.B. and M.B.'s school records from December 2011 to the present, including Special Education Confidential Folders including Multi-Disciplinary Team Reports and Individualized Education Plans. (Mot. for Issuance of Subpoenas (ECF No. 112), Ex. B.) Defendant argues there is good cause for production of the records before trial because they are necessary for the Defendant's expert witness to evaluate the additional role that being on the Autism spectrum may play in terms of the minors' suggestibility.

The Government responds that Defendant is improperly attempting to use the subpoenas as a discovery tool, that there is not good cause for issuing the subpoenas because there has been no showing that anyone has had a suggestive influence on S.B. and M.B., that Defendant's need for an expert depends on how S.B. and M.B. testify at trial, and that Defendant's expert's testimony regarding suggestibility is inadmissible testimony regarding S.B. and M.B.'s truthfulness.

In its reply, Defendant states that the discovery provided does not indicate that S.B. or M.B. inculpated Defendant, except for a report produced by the Government in January 2016 indicating that M.B. stated that Defendant "was doing something he shouldn't have been doing." Defendant argues that the fact the first inculpatory statement was made two years into the investigation weighs

in favor of the notion that suggestibility is at play. Although Defendant concedes that his need for an expert is dependent on how witnesses testify at trial, Defendant states that he is litigating the issue now to avoid interruption and delay at trial. Defendant further argues that the school records will assist the expert in drawing conclusions about suggestibility with respect to S.B. and M.B. specifically as opposed to testifying generally about the role of suggestibility in children. Finally, Defendant argues he is not improperly attempting to obtain materials under Rule 16 because he is seeking materials in the possession of third parties.

Federal Rule of Criminal Procedure 17 governs the issuance of subpoenas in criminal cases. Specifically, Rule 17(c)(1) governs the production of documents:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The moving party bears the burden of showing good cause for the requested pretrial production, which requires a showing that: (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the defendant cannot properly prepare for trial without production in advance of trial and that failure to obtain the documents may unreasonably delay the trial; and (4) the application is made in good faith and not intended as a fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

In *Nixon*, Supreme Court identified "three hurdles" that a moving party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Id.* at 700. The moving party must "show the evidentiary nature of the requested materials . . . ." *United States v. Skeddle,* 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance or admissibility are not sufficient. *United States v. Sellers*, 275 F.R.D. 620, 623-24. Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or evidentiary use, instead, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment. *Id.* at 624 (citing *Nixon*, 418 U.S. at 700). The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents" and to

discourage "fishing expedition[s]." *Id*. (quotations omitted).

The Court has considered the parties' arguments and for the reasons stated in Defendant's motion finds the Defendant clears the hurdles of relevance, admissibility, and specificity. The Court therefore finds that there is good cause for the production before trial of S.B. and M.B.'s school records as stated in the subpoenas. The Court therefore will grant Defendant's motion for issuance of subpoenas to the Clark County School District.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant Albert Benjamin Chee, Jr.'s Emergency Motion for Issuance of Subpoenas (ECF No. 103) is DENIED as moot.

IT IS FURTHER ORDERED that Defendant Albert Benjamin Chee, Jr.'s Emergency Motion for Issuance of Subpoenas (ECF No. 112) is GRANTED.

DATED: June 10, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**